BLACK, Circuit Judge, specially concurring:

Although I agree with the majority opinion, I would confine the discussion to those legal concepts directly implicated by the instant facts. The legal principles that control this dispute are familiar and do not require extended explication. Under the McDonnell Douglas framework, a presumption of discrimination arises if a Title VII plaintiff succeeds in establishing a prima facie case. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094 (1981). The defendant may rebut the presumption by articulating a legitimate, nondiscriminatory reason for the challenged employment decision. Id. at 254-55, 101 S. Ct. at 1094-95. At that point, the presumption disappears from the case, leaving the plaintiff with the ultimate burden of convincing the factfinder that a discriminatory reason more likely than not motivated the employment action. Id. at 256, 101 S. Ct. at 1095. The plaintiff may shoulder this burden either directly by persuading the factfinder that a discriminatory reason motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. Id.

The majority opinion properly applied these fundamental principles when it determined that Combs failed to adduce sufficient evidence to withstand Meadowcraft's motions for judgment as a matter of law. The evidence offered by Combs would not permit a reasonable trier of fact to find either that a discriminatory reason motivated Meadowcraft or that the legitimate, nondiscriminatory reasons proffered were not worthy of belief. Undisputed evidence established that Walker had superior managerial

experience, and Combs offered no evidence tending to undermine the veracity of Meadowcraft's claimed reliance on this factor.